UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-218-KSF

ROY WALKER DAVIS                                                          PLAINTIFF

v.                                                **OPINION & ORDER**

NAU COUNTRY INSURANCE                                   DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the plaintiff, Roy Walker Davis, to remand this case to the Garrard Circuit Court [DE #4]. The defendant, NAU Country Insurance, has failed to file any response to this motion and time for so responding has expired. Accordingly, this motion is now ripe for review.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Walker filed his complaint in Garrard Circuit Court on March 2, 2012 seeking to recover damages for crop insurance proceeds after extensive damage occurred to his tobacco crop. He claims that NAU Country Insurance has a duty to pay him pursuant to the terms of an insurance policy issued by NAU Country Insurance to Walker. Although Walker's complaint does not set out a specific amount of damages, he seeks judgment for the quality loss adjustment payment for his tobacco crops, punitive damages for bad faith settlement practices, and costs [DE #1-1].

On July 10, 2012, NAU Country Insurance removed this action to this Court based on diversity of jurisdiction, 28 U.S.C. § 1332. According to NAU Country Insurance's Notice of

Removal, the parties have diverse citizenship and because "the Plaintiff is seeking payment for the destruction of his entire tobacco crop as well as punitive damages for alleged unfair claim settlement practices, therefore it is more likely than not that the amount of controversy exceeds the statutory minimum of $75,000.00" [DE #1]. On August 2, 2012, Walker filed his motion to remand [DE #4].

## II. WALKER'S MOTION TO REMAND

Walker seeks to remand this matter to Garrard Circuit Court on the grounds that NAU Country Insurance has not met the requisite burden of proof to support removal based on diversity jurisdiction as set forth in 28 U.S.C. § 1332. Specifically, Walker contends that NAU Country Insurance has failed to demonstrate that the amount in controversy exceeds the $75,000.00 threshold required for removal to this Court.

Removal based on diversity jurisdiction places the burden of proof on the defendant. NAU Country Insurance satisfies this burden only by proof based on a preponderance of the evidence that the diversity requirements are meet. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829(6th Cir. 2006). However, NAU Country Insurance's Notice of Removal contains only speculative facts setting forth an estimate of the amount in controversy. Walker argues that NAU Country Insurance's estimate of the amount in controversy bears no relation to the amount that he actually seeks. In fact, Walker states that he seeks to "recover damages for crop insurance proceeds in an amount totaling $45,000.00 plus an award for punitive damages." He further states that it is unlikely that the amount in controversy will exceed the sum of $75,000.00 even with the punitive damages claim.

Without more from NAU Country Insurance, the Court cannot find that NAU Country Insurance has satisfied the amount in controversy necessary for this Court to exercise diversity jurisdiction under 28 U.S.C. § 1332. According, Walker's motion to remand will be granted.

### III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Walker's motion to remand [DE #4] is **GRANTED**;

(2) this matter is **REMANDED** to Garrard Circuit Court;

(3) the Clerk of Court **SHALL MAIL** a certified copy of this Opinion & Order to the Clerk of the Garrard Circuit Court; and

(4) this matter is **STRICKEN** from the active docket.

This September 18, 2012.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge